UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY HAIRSTON,

    Petitioner,

v.

JOE BARRETT,

    Respondent,
_____/

Civil No. 2:15-CV-12178
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) A CERTIFICATE OF APPEALABILITY**

John Henry Hairston, ("Petitioner"), incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Sheldon Halpern, petitioner challenges his conviction for possession with intent to deliver more than 50 but less than 450 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii). For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. BACKGROUND**

Petitioner was charged with possession with intent to deliver more than 50 and less than 450 grams of cocaine, delivery or manufacture of less than 50 grams of cocaine, delivery or manufacture of marijuana, and being a fourth felony habitual offender. *See* 4/18/13 Tr. 3 (ECF No. 5-2, Preliminary Examination Transcript, PgID 130).

On July 19, 2013, petitioner pleaded guilty to one count of possession with intent to deliver more than 50 and less than 450 grams of cocaine. In exchange for his plea, the prosecutor agreed to dismiss the other two drug charges and the habitual offender charge. The

parties also agreed that petitioner would receive a sentence of six to twenty years in prison. *See* 7/19/13 Tr. 3-5. (ECF No. 5-4, Plea Transcript, PgID 169-71). As part of the plea colloquy, petitioner indicated that he had not been coerced into pleading guilty. *Id.* at 5 (Plea Transcript, PgID 171).

Petitioner was sentenced to six to twenty years in prison. *See* 8/18/13 Tr. 4. (ECF No. 5-5, Sentencing Transcript, PgID 180).

Petitioner moved to withdraw his guilty plea and for an evidentiary hearing on an ineffective assistance of counsel claim. The judge denied the motion to withdraw the plea and the motion for an evidentiary hearing. *See* 1/17/14 Tr. 17-18. (ECF No. 5-6, Motion to Withdraw a Plea Transcript, PgID 199-200).

Petitioner's conviction was affirmed on appeal. *People v. Hairston,* No. 320691 (Mich.Ct.App. Apr. 25, 2014); *lv. den.* 497 Mich. 952, 858 N.W. 2d 454 (Mich. 2015)(Table).

Petitioner seeks relief on the following grounds:

I. Petitioner's plea based conviction was invalid and involuntary being the result of ineffective assistance of counsel.

II. The failure to conduct hearings for setting aside the plea and for ineffective assistance of counsel violated due process and entitles petitioner to an evidentiary hearing in this Court.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

3

In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v.*

*Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

## III. DISCUSSION

The Court discusses petitioner's two claims together for judicial clarity. In his first claim, petitioner alleges that trial counsel was ineffective. In his second claim, petitioner claims that he was denied due process when the trial judge refused to conduct an evidentiary hearing on his ineffective assistance of counsel claims pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973) and M.C.R. 7.211(C)(1).

Taking petitioner's second claim first, the Court does not have the power to grant habeas relief on petitioner's claim that the state trial judge improperly denied his motion for an evidentiary hearing. There is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F.2d 1010, 1011 (6th Cir. 1980). Where a habeas petitioner alleges a denial of his right to appeal a state criminal conviction, he is not entitled to federal habeas relief. *Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984). In addition, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the trial court or the Michigan appellate courts erred in denying petitioner's motion for an evidentiary hearing on his ineffective assistance of counsel claims is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 F. App'x. 577, 584 (6th Cir. 2006). Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* at 585. Accordingly, petitioner would not be entitled to habeas relief on his second claim.

Moreover, even if there is a due process component to petitioner's claim involving the denial of his motion for an evidentiary hearing, deprivation of this sort would not form the basis for issuing a writ of habeas corpus, but might support a request for an evidentiary hearing in this Court for the purpose of developing a record on petitioner's ineffective assistance of counsel claims. *See May v. Renico,* No. 00-10420-BC, 2002 WL 31748845, * 5 (E.D. Mich. Nov. 12, 2002). This Court must determine whether petitioner is entitled to an evidentiary hearing on his claims.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). A habeas petitioner is not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel where the petitioner fails to allege specific facts which, if true, would entitle him to relief on his claims. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003). As will be discussed below, petitioner's ineffective assistance of counsel claims are without merit, therefore, he is not entitled to an evidentiary hearing.

In his first claim, petitioner alleges that his trial counsel was ineffective for failing to investigate his case, failing to file a motion to challenge the validity of the search warrant, and failing to challenge petitioner's statements to the police.  Petitioner further claims that trial counsel was ineffective for advising him to plead guilty rather than challenging the validity of the search warrant and petitioner's statements to the police.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but

7

whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. at 473). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

> Because of this doubly deferential standard, the Supreme Court has indicated that:
>
> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 562 U.S. at 105.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he did. *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011).

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast

doubt on a [plea] that took place" almost three years ago "is precisely what *Strickland* and AEDPA seek to prevent." *Harrington v. Richter*, 562 U.S. at 107.

The Supreme Court has noted that:

Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place. Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

*Premo v. Moore,* 562 U.S. 115, 124-25 (2011).

The Supreme Court further admonished:

These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and forfeiture." Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*. The prospect that a plea

> deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

*Premo,* 562 U.S. at 125 (internal citations and quotations omitted).

Moreover, in order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. *Premo,* 562 U.S. at 129 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he or she insisted on going to trial. *See Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not have pleaded guilty, is therefore insufficient to prove such a claim. *Id.* The test of whether a defendant would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373

(6th Cir. 2012)(quoting *Padilla v. Kentucky*, 559 U.S. at 372).

Finally, "[W]hen a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining," a federal court is required to "use a "'doubly deferential'" standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

Petitioner failed to show that counsel was ineffective for advising him to plead guilty rather than challenging the validity of the search warrant or petitioner's statements to the police. Petitioner claims that the search warrant and the affidavit in support of it are "ambiguous, nebulous, and unclear about when and how personal knowledge was acquired by some confidential informant." [1] Petitioner further claims that the same police officers who executed the warrant in this case had executed a similar warrant in another case involving a defendant named Quran Baker that had lead to the suppression of the warrant and any evidence in that case. Petitioner notes that the same officer's testimony was found incredible at Mr. Baker's subsequent parole violation hearing. Petitioner contends that had counsel challenged the validity of the warrant and the affidavit in his case, the evidence seized and petitioner's statements would have been suppressed and the case dismissed.

Petitioner failed to show that the police used false or unreliable information to obtain the search warrant in his case. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner has not shown that the allegedly false statements in the

---

[1] See Petitioner's Brief in Support of Habeas Petition, p. 16.

search warrant affidavit were knowingly made with an intent to deceive the state court or recklessly made to establish probable cause, thus, trial counsel's failure to file a motion to suppress the evidence on this basis did not constitute ineffective assistance of counsel. *See Salter v. Johnson*, 579 F.2d 1007, 1009 (6th Cir. 1978).

Petitioner was originally charged with possession with intent to deliver more than 50 and less than 450 grams of cocaine, delivery or manufacture of less than 50 grams of cocaine, delivery or manufacture of marijuana. Petitioner was also charged with being a fourth felony habitual offender. Under Mich. Comp. Laws § 769.12(1)(a), a fourth felony habitual offender can be sentenced to up to life in prison if his current felony carries a maximum sentence of five or more years in prison. Petitioner's first two charges each carried a twenty year maximum sentence. See Mich. Comp. Laws § 333.7401(2)(a)(iii) and (iv). Had petitioner been convicted of being a fourth felony habitual offender, he faced up to life in prison. Trial counsel was able to negotiate a plea bargain in which petitioner pleaded to possession with intent to deliver more than 50 and less than 450 grams of cocaine, in exchange for dismissal of the other two charges and the habitual offender charge. Trial counsel also obtained a sentence agreement of 6-20 years in prison. Counsel's decision to forego filing a motion to suppress could very well have been done in order to obtain a favorable plea bargain from the prosecutor or to forego forfeiting any plea offer already made and was thus a reasonable strategy that defeats petitioner's claim. *See e.g. Rodriguez v. Warden, S. Ohio Corr. Facility*, 940 F. Supp. 2d 704, 714 (S.D. Ohio 2013). Counsel may have determined, after hearing the officers' testimony at the preliminary examination and considering the predilections of the trial judge that a motion to suppress would have been unlikely to succeed. Counsel's decision was born out by the fact that the same judge

with whom he would have filed the motion to challenge the validity of the search warrant to suppress the evidence refused to even conduct a hearing when presented this evidence at the motion to withdraw the guilty plea.

In addition, the favorable plea bargain that petitioner received weighs against a finding that counsel was ineffective for advising a guilty plea. *See Plumaj v. Booker*, No. 14-2023, 2015 WL 6143355, at *4, __F. App'x.__ (6th Cir. Oct. 20, 2015) (citing *Pilla*, 668 F.3d at 373; *Haddad v. United States*, 486 F. App'x. 517, 522 (6th Cir. 2012)). Indeed, "the Supreme Court has never held that the benefits of a plea agreement alone cannot suffice to answer the prejudice inquiry, namely whether 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. at 59). Other courts have reached the same result. *See Pidgeon v. Smith*, 785 F.3d 1165, 1173 (7th Cir. 2015)("The terms of a plea deal are admittedly relevant in assessing the credibility of a petitioner's claim that he would have gone to trial had he received correct information at the plea bargaining stage").

Trial counsel was able to negotiate a plea bargain in which the fourth felony habitual offender charge was dismissed, thus eliminating the risk of a life sentence. Two of the charges were dismissed against petitioner. Counsel secured a sentence of six to twenty years in prison. Counsel risked exposing petitioner to far greater prison time if he had chosen to reject the guilty plea and unsuccessfully challenge the search warrant. Under the circumstances, trial counsel's advice to plead guilty was a reasonable strategy. *See Bonior v. Conerly,* 416 F. App'x 475, 479 (6th Cir. 2010). Petitioner is not entitled to habeas relief.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

## IV.    CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability.

**SO ORDERED.**

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
Dated:  April 7, 2016                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 7, 2016.

                                          s/Deborah Tofil
                                          Case Manager